1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TODD A. A.,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

CASE NO. 2:23-CV-1974-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff filed this action under 42 U.S.C. § 405(g) seeking judicial review of Defendant's

denial of his application for disability insurance benefits ("DIB").[1] After considering the record,

the Court concludes the Administrative Law Judge ("ALJ") erred in his evaluation of medical

opinion evidence from one of Plaintiff's treating physicians. Had the ALJ properly considered

the opinion, Plaintiff's residual functional capacity ("RFC") may have included additional

limitations. The ALJ's error is, therefore, not harmless, and this matter is reversed and remanded

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 1

1  pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of Social Security

2  ("Commissioner") for further proceedings consistent with this order.

3  **I.      Factual and Procedural History**

4          Plaintiff filed a claim for DIB on October 2, 2015, alleging disability beginning on

5  February 29, 2012. Dkt. 8, Administrative Record ("AR") 145, 335–36, 986–88. His application

6  was denied at the initial level and on reconsideration. AR 144, 150. He requested a hearing

7  before an ALJ, which took place on December 15, 2017. AR 87–127, 214–15. Plaintiff was

8  represented by counsel at the hearing. *See* AR 87. The ALJ issued an unfavorable decision

9  denying benefits. AR 174–93.

10         The Appeals Council granted Plaintiff's request for review and remanded his claim for a

11  new hearing. AR 194–97, 264–65. A second hearing took place on May 27, 2020. AR 31–86.

12  Plaintiff was represented by counsel at the hearing. *See* AR 31. The ALJ issued another

13  unfavorable decision denying benefits. AR 10–30. The Appeals Council denied Plaintiff's

14  request for review, making the ALJ's decision the final decision of the Commissioner. AR 1–6,

15  328–34. Plaintiff appealed to this Court. AR 913–14.

16         On November 30, 2021, this Court reversed the ALJ's decision and remanded the claim

17  for a new hearing. AR 917–24. In accordance with the Court's order, the Appeals Council

18  vacated the ALJ's decision and directed that a different ALJ be assigned on remand. AR 925–29.

19  Another hearing took place on May 31, 2023. AR 863–85. Plaintiff was represented by counsel

20  at the hearing. *See* AR 863. Through counsel, Plaintiff amended his alleged onset date to May

21  23, 2013. *Id.* The ALJ again issued an unfavorable decision denying benefits, finding Plaintiff

22  not disabled from May 23, 2013, through the date last insured, June 20, 2019. AR 839–62.

23  Plaintiff appealed to this Court. *See* Dkts. 1, 6.

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 2

1    **II.      Standard of Review**

2    When reviewing the Commissioner's final decision under 42 U.S.C. § 405(g), this Court

3    may set aside the denial of social security benefits if the ALJ's findings are based on legal error

4    or are not supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211,

5    1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial

6    evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a

7    conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*,

8    305 U.S. 197, 229 (1938)). "We review only the reasons provided by the ALJ in the disability

9    determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v.*

10   *Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

11   "[H]armless error principles apply in the Social Security Act context." *Molina v. Astrue*,

12   674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a).

13   Generally, an error is harmless if it is not prejudicial to the claimant and is "inconsequential to

14   the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050,

15   1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115.

16   **III.     Discussion**

17   Plaintiff argues the ALJ erred in assessing the medical opinion evidence, Plaintiff's

18   subjective symptom testimony, and lay witness testimony, leading to an erroneous RFC and step

19   five finding. Dkt. 13 at 2. He contends the proper remedy for these errors is remand for an award

20   of benefits. *Id.*

21   A.  *Medical Opinion Evidence*

22   Plaintiff contends the ALJ failed to properly evaluate certain medical opinion evidence in

23   the record. *Id.* at 3.

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 3

1    For social security disability claims filed prior to March 27, 2017,[2] an ALJ must assess

2  medical opinions "based on the extent of the doctor's relationship with the claimant." *Woods v.*

3  *Kijakazi*, 32 F.4th 785, 789 (9th Cir. 2022). At the top of the "three-tiered hierarchy" are treating

4  physicians, who have an ongoing treatment relationship with the claimant; followed by

5  examining physicians, who examine the claimant but do not have an ongoing relationship with

6  them; and finally, nonexamining physicians, who only review the record. *Id.*

7    A treating physician's opinion is generally entitled to "substantial weight." *Ford v. Saul*,

8  950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir.

9  1988)). "To reject either a treating or an examining physician's opinion, an ALJ must provide

10  'clear and convincing reasons,' if the opinion is uncontradicted by other evidence, or 'specific

11  and legitimate reasons' otherwise, and the reasons must be supported by substantial evidence."

12  *Woods*, 32 F.4th at 789 (quoting *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017)). The ALJ

13  meets this standard by "setting out a detailed and thorough summary of the facts and conflicting

14  clinical evidence, stating his interpretation thereof, and making findings. The ALJ must do more

15  than offer his conclusions. He must set forth his own interpretations and explain why they, rather

16  than the doctors', are correct." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998).

17    Plaintiff argues the ALJ erred in considering the medical opinion of one of Plaintiff's

18  treating physicians, Daniel L. Breisford, M.D. Dkt. 13 at 4–6. Dr. Breisford completed a medical

19  source statement on September 24, 2019,[3] indicating that he had seen Plaintiff "every 3 months

20

21  _____

22  [2] The regulations regarding the evaluation of medical opinion evidence have been amended for claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5867–68, 5878–79 (Jan. 18, 2017). Because Plaintiff filed his claim before March of 2017, the new regulations do not apply to this case. *See* 20 C.F.R. §§ 404.1520c, 416.920c.

23  [3] The ALJ noted that, although this statement was completed after Plaintiff's date last insured, Dr. Breisford treated Plaintiff within the relevant period. AR 852.

24  ORDER REVERSING AND REMANDING
   DEFENDANT'S DECISION TO DENY BENEFITS
   - 4

or so" since January 2017. AR 653, 656. He opined that Plaintiff could sit for 30 minutes and stand for 20 minutes at one time before needing to change positions and could stand or walk for less than two hours total and sit for about four hours total in an eight-hour workday. AR 654. He found that Plaintiff would need a job that permitted shifting positions at will between sitting, standing, or walking, stating that Plaintiff would need to include periods of walking around during the workday every 20 minutes and would need to take unscheduled breaks of ten to fifteen minutes once or twice per hour during a working day. AR 654–55.

Dr. Breisford opined Plaintiff could occasionally lift and carry objects under 10 pounds, could rarely lift and carry objects of 10 to 20 pounds, and could never carry 50 pounds. AR 655. He also found Plaintiff could only rarely twist, stoop (bend), crouch/squat, climb ladders, or climb stairs. *Id.* He stated Plaintiff's impairments were likely to produce "good days" and "bad days," and estimated Plaintiff was likely to be absent from work because of his impairments more than four days per month and likely to be off task for 25 percent or more of the workday. AR 656.

The ALJ assigned "minimal weight" to Dr. Breisford's opinion, finding it was "not consistent with the longitudinal objective evidence." AR 852. An ALJ need not accept the opinion of a physician if the opinion is inadequately supported "by the record as a whole" or by the physician's objective medical findings. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). However, the ALJ must do more than offer his conclusions. *Embrey*, 849 F.2d at 421. Rather, "the ALJ [must] provide detailed, reasoned, and legitimate rationales for disregarding the physicians' findings." *Id.* at 422.

The ALJ first cited to three progress notes from Plaintiff's visits to Dr. Breisford in early 2017 in support of his finding that Dr. Breisford's opinion was inconsistent with the record:

[D]uring the initial examination in January 2017, Dr. Breisford report[ed] the claimant had only minor anterior degenerative spuring [sic] but otherwise unremarkable examination (Ex. B6F/19). At [a] follow-up the next month, the claimant reported not working but being more active at home and with his dog (Ex. B6F/22). Then the following month, the claimant reported to Dr. Breisford he was cooking and cleaning more as well as worked nine days tiling (Ex. B6F/24).

AR 852 (citing AR 546, 549, 551).

In Dr. Breisford's progress note dated January 20, 2017, he noted Plaintiff's complaint of constant, severe pain in his lower lumbar spine. AR 543–44. Dr. Breisford recorded a pain score of 5. AR 545. Plaintiff was treating the pain with medical marijuana or with oxycodone "when he can't breath[e] or when the pain 'levels him.'" AR 544. Dr. Breisford reviewed an X-ray of Plaintiff's lumbar spine, noting "[m]inor anterior degenerative spurring, otherwise unremarkable examination." AR 546. He also reviewed an MRI of Plaintiff's lumbar spine and noted, "[a]t L5-S1, there is a broad base central/left paracentral disc protrusion causing abutment of the descending left S1 nerve root. There is a small superimposed annular tear." *Id.*

The ALJ next cited to Dr. Breisford's progress note from February 3, 2017. AR 549, 852. At that visit, Plaintiff reported that he had not "been working for [the] last 2 weeks, so has been able to rest more, but has also been more active around the house and with the dog." AR 549. Dr. Breisford recorded a pain score of 3. *Id.* He instructed Plaintiff to continue treatment with medical marijuana and oxycodone. AR 551.

Finally, the ALJ cited to Dr. Breisford's progress note dated April 18, 2017, in which Dr. Breisford noted Plaintiff was doing better, had been a lot more active, was cooking and cleaning more, and had worked for nine days tiling. AR 551, 852. Dr. Breisford recorded a pain score of 6 and described Plaintiff's chronic back pain as "fairly controlled." AR 552–53.

The ALJ's characterization of Dr. Breisford's findings at the first appointment is not supported by the record. Although the language referenced by the ALJ appears in Dr. Breisford's

1   notes, the "otherwise unremarkable examination" refers to an X-ray examination, not Dr.

2   Breisford's physical examination of Plaintiff at the appointment. Also, the ALJ failed to

3   acknowledge the MRI results showing a disc protrusion causing abutment of a nerve root and an

4   annular tear, which would support Plaintiff's complaints of lower back pain.

5          Similarly, the ALJ's references to Plaintiff's subsequent appointments with Dr. Breisford

6   do not accurately reflect the evidence in the record. The ALJ references the fact that Plaintiff

7   reported being more active around the house and with the dog at his February 2017 appointment

8   but ignored Plaintiff's report that he was able to rest more because he was not working. The ALJ

9   also failed to acknowledge the last progress note from Dr. Breisford in the record, dated

10  December 28, 2017, at which Plaintiff reported worsening pain in his back and knees. AR 560.

11  He stated he was working part time but "the drive to a site will often 'kill him'" and "when he

12  gets home[,] he is floored for a least a few hours [if] not overnight." AR 561. Dr. Breisford noted

13  a pain score of 7. AR 561. This progress note appears to support Dr. Breisford's opinion that

14  Plaintiff would be unable to remain in one position for an extended period. Overall, the ALJ

15  failed to adequately explain how Dr. Breisford's progress notes are inconsistent with his opinion.

16  Therefore, this does not constitute a specific and legitimate reason for giving minimal weight to

17  Dr. Breisford's opinion. *See Embrey*, 849 F.2d at 421 (an ALJ cannot merely state facts the ALJ

18  claims "point toward an adverse conclusion and make[] no effort to relate any of these objective

19  factors to any of the specific medical opinions and findings he rejects").

20         The ALJ next noted that the record did not contain any records from Dr. Breisford after

21  December 2017, despite Dr. Breisford's representation in the medical source statement that he

22  had seen Plaintiff approximately every three months. AR 852. The ALJ provides no explanation

23  of the significance of this point. The Court cannot "affirm the decision of an agency on a ground

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 7

1   the agency did not invoke in making its decision." *Stout*, 454 F.3d at 1054. "Long-standing

2   principles of administrative law require [the Court] to review the ALJ's decision based on the

3   reasoning and actual findings offered by the ALJ—not *post hoc* rationalizations that attempt to

4   intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219,

5   1225–26 (9th Cir. 2009). Because the ALJ provided no explanation of how this fact undermined

6   Dr. Breisford's opinion, the Court cannot review this reason, and it cannot constitute a specific

7   and legitimate reason for discounting the opinion.

8         The ALJ cited to twelve pages in the record to support his finding that "objective

9   physical examinations performed during the period under adjudication from other providers

10  repeatedly documented functional and often even normal degrees of muscle strength and range

11  of motion throughout the claimant's extremities and back, along with normal ambulation, normal

12  deep tendon reflexes, and intact extremity sensation." AR 852. Seven of these citations are to Dr.

13  Breisford's visit notes and therefore do not show examination results from "other providers." *See*

14  *id.* (citing AR 545, 549, 552, 555, 558, 561–62). Again, the ALJ provides no explanation as to

15  why unremarkable physical examination results are inconsistent with Dr. Breisford's opinions

16  regarding Plaintiff's limitations in the workplace due to back pain. Without such an explanation,

17  the Court cannot conclude this is a specific and legitimate reason for discounting Dr. Breisford's

18  opinion. *See Embrey*, 849 F.2d at 421–22 ("it is incumbent on the ALJ to provide detailed,

19  reasoned, and legitimate rationales for disregarding the physicians' findings[;]" conclusory

20  reasons do "not achieve the level of specificity" required to justify an ALJ's rejection of an

21  opinion); *see also Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) (an ALJ must "build an

22  accurate and logical bridge from the evidence to [the ALJ's] conclusions").

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 8

1    For the above reasons, the Court concludes the ALJ failed to provide specific, legitimate

2    reasons supported by substantial evidence for assigning minimal weight to Dr. Breisford's

3    opinions. Accordingly, the ALJ erred. Had the ALJ given weight to Dr. Breisford's opinions, the

4    ultimate disability determination may have changed or the RFC may have included additional

5    limitations. For example, Dr. Breisford opined Plaintiff needed to be able to change positions at

6    will and was likely to be absent from work more than four days per month due to his

7    impairments. AR 656. The ALJ did not include a sit/stand option or account for any absenteeism

8    in the RFC. *See* AR 845–46. Accordingly, the ALJ's errors are not harmless and require

9    reversal.[4]

10   B.   *Remedy*

11   Plaintiff contends the proper remedy for the ALJ's error is remand for an award of

12   benefits. Dkt. 13 at 19. Defendant maintains Plaintiff has not shown this remedy is appropriate.

13   Dkt. 15 at 16.

14   The Court may remand a case "either for additional evidence and findings or to award

15   benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court

16   reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the

17   agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th

18   Cir. 2004) (quoting *INS v. Ventura*, 537 U.S. 12, 16 (2002)). The Ninth Circuit created a "test for

19   determining when evidence should be credited and an immediate award of benefits directed[.]"

20   *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded

21   where:

22

23   _____

     [4] Because the Court finds harmful error in the ALJ's consideration of Dr. Breisford's opinion, the Court need not
24   address the other challenged medical opinion evidence.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 9

1  (1) the ALJ has failed to provide legally sufficient reasons for rejecting the
2  claimant's evidence; (2) there are no outstanding issues that must be resolved
   before a determination of disability can be made; and (3) it is clear from the record
3  that the ALJ would be required to find the claimant disabled if he considered the
   claimant's evidence.

4  *McCartey v. Massanari*, 298 F.3d 1072, 1076–77 (9th Cir. 2002).

5      Here, Plaintiff has not shown that the record is free from important and relevant conflicts

6  or that no issues remain that must be resolved concerning Plaintiff's functional capabilities

7  during the period in question, nor has he adequately explained why he is entitled to this

8  extraordinary remedy. Therefore, the Court concludes there are outstanding issues which must be

9  resolved concerning Plaintiff's functional capabilities and his ability to perform other jobs

10 existing in significant numbers in the national economy. Accordingly, remand for further

11 administrative proceedings is appropriate.

12      C.  *Remaining Issues*

13      Plaintiff further contends the ALJ failed to properly evaluate his testimony about the

14 severity of his symptoms, as well as lay witness testimony in the record. Dkt. 13 at 9, 16. As

15 noted above, the Court concludes the ALJ committed harmful error in assessing the medical

16 opinion evidence and remand for further proceedings is appropriate. Due to this error, the ALJ

17 must re-evaluate all the medical evidence on remand. Because Plaintiff may be able to present

18 new evidence and new testimony on remand and the ALJ's reconsideration of the medical

19 evidence may impact the assessment of Plaintiff's testimony and the lay witness evidence, the

20 ALJ must also reconsider this evidence on remand.

21      Plaintiff maintains the RFC and step five findings are not supported by substantial

22 evidence. Dkt. 13 at 18. The Court has found the ALJ committed harmful error and has directed

23 the ALJ to reassess the medical evidence, Plaintiff's subjective symptom testimony, and the lay

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 10

witness testimony. Accordingly, on remand, the ALJ is instructed to re-evaluate the entire

sequential evaluation process. *See* Social Security Ruling 96-8p, 1996 WL 374184 (1996) (an

RFC "must always consider and address medical source opinions"); *Valentine v. Comm'r of Soc.*

*Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a

claimant's limitations is defective"); *Watson v. Astrue*, No. ED CV 09-1447-PLA, 2010 WL

4269545, at *5 (C.D. Cal. Oct. 22, 2010) (finding the RFC and hypothetical questions posed to

the vocational expert defective when the ALJ did not properly consider two physicians'

findings).

## IV.    Conclusion

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded

Plaintiff was not disabled from May 23, 2013, to June 20, 2019. Accordingly, Defendant's

decision to deny benefits is reversed and this matter is remanded for further administrative

proceedings in accordance with the findings contained herein.

Dated this 3rd day of September, 2024.

David W. Christel
United States Magistrate Judge

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 11